JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

FAST TRAK INVESTMENT COMPANY, LLC, a limited liability company,

    Plaintiff,

v.

THERESA AND STEPHEN WHITE, a married couple; LAWRENCE MOY, individually and as a partner of the MOY & FERNANDEZ LAW GROUP, and principal for the Law Office of Lawrence A. Moy, Esq.; NORMAN G. FERNANDEZ, individually and as a partner of the MOY & FERNANDEZ LAW GROUP, and as principal for The Law Offices of Norman G. Fernandez; MOY & FERNANDEZ LAW GROUP, a law partnership; DOES 1–10, inclusive; BLACK PARTNERSHIPS 1–10, inclusive; WHITE CORPORATIONS 1–10, inclusive,

    Defendants.

Case No.: SACV 17-00890-CJC(KESx)

**ORDER DISMISSING WITHOUT PREJUDICE FOR FAILURE TO PLEAD SUBJECT MATTER JURISDICTION**

On May 22, 2017, Plaintiff Fast Track Investment Company, LLC, filed this case alleging five causes of action against Defendants Theresa and Stephen White, Lawrence

-1-

Moy, Norman G. Fernandez, and Moy & Fernandez Law Group, including breach of contract, breach of fiduciary duty, constructive fraud, and unjust enrichment. (*See* Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff's Complaint asserts that this Court has subject matter jurisdiction based on diversity of the parties. (*Id.* ¶¶ 1–4.)

A district court has original "diversity" subject matterV jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state than each defendant. *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267) (1806)).

The Complaint seems to rely on 28 U.S.C. § 1332(c)(1), which states that, "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." (*See* Compl. ¶ 5.) However, Plaintiff is not a corporation, but rather is a limited liability company. (*Id.*) Citizenship of a limited liability company is determined not by incorporation and by principal place of business, but rather by the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). By failing to properly plead its citizenship, Plaintiff has failed to plead diversity jurisdiction. The Court *sua sponte* **DISMISSES** this action **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 12(h)(3).

DATED:   June 9, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE